UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HENRY LEWIS DUHART,

        Petitioner,

vs.                          Case No. 3:10-cv-838-J-99TJC-JBT

WALTER MCNEIL, et al.,

        Respondents.

### REPORT AND RECOMMENDATION[1]

This cause is before the Court on Respondents' January 7, 2011, Motion to Strike or Require Clarifying Statement and Contingent Request to Re-set Response Deadline (Doc. #8), requesting the Court strike the last ground of the Petition (Doc. #1), unnumbered ground, labeled Issues II, V, VI, VII, VIII, IX, and X. In the unnumbered ground, Petitioner asserts that due to the actions of the First District Court of Appeal in consolidating two lower cases and requiring one brief, he was unable to adequately present his claims to the First District Court of Appeal, depriving him of his rights under the Fifth, Sixth and Fourteenth Amendments. Petition at 22-23.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

This unnumbered ground simply involves a state court's interpretation and application of Florida law or Florida rules of procedure. Petitioner has presented a state law claim, not a claim of constitutional dimension. As a result, this ground should be stricken. The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States. See Coleman v. Thompson, 501 U.S. 722 (1991). The writ of habeas corpus under 28 U.S.C. § 2254 "was not enacted to enforce State-created rights." Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)), cert. denied, 531 U.S. 1170 (2001).

The Eleventh Circuit has stated that only in cases of federal constitutional error will a federal writ of habeas corpus be available. See Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990). The Supreme Court has often held that federal habeas relief does not lie for errors of state law. Clearly, it is not the province of a federal habeas court to reexamine state-court determinations on issues of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v.

Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)).  The federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate.  McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir. 1992) (per curiam), cert. denied, 504 U.S. 944 (1992).

The decision by the First District Court of Appeal to consolidate two lower cases and to require a consolidated brief is an issue of state law that is not cognizable in this proceeding.  Simply, this claim cannot provide a basis for habeas corpus relief.

Accordingly, after due consideration, it is

**RECOMMENDED:**

Respondents' Motion to Strike or Require Clarifying Statement and Contingent Request to Re-set Response Deadline (Doc. #8) be **GRANTED** to the extent that Petitioner's unnumbered ground (labeled Issues II, V, VI, VII, VIII, IX, and X) should be **STRICKEN**.

**DONE AND ENTERED** at Jacksonville, Florida, this 21st day of January, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

sa 1/21
c:
The Honorable Timothy J. Corrigan,
United States District Judge

Henry Lewis Duhart
Ass't A.G. (McCoy)

3