UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


HENRY LEWIS DUHART,

        Petitioner,

vs.                                    Case No. 3:10-cv-838-J-37JBT

SECRETARY, DOC, et al.,

        Respondents.

_____

**ORDER**

**STATUS**

    On September 13, 2010, Petitioner Henry Lewis Duhart filed a *pro se* Petition for Writ of Habeas Corpus (Petition) (Doc. #1) under 28 U.S.C. § 2254, pursuant to the mailbox rule.  The Petition challenges 1997 state court (Duval County) convictions for burglary of a dwelling (state Case No. 6227) and attempted carjacking and burglary with assault (state Case No. 7047).[1]  Five grounds for habeas relief are raised,[2] and the Court is mindful of its responsibility to address each ground, <u>Clisby v. Jones</u>, 960 F.2d

_____

[1] The cases were contemporaneously charged and tried in two separate proceedings; however, for post-conviction purposes, the cases traveled jointly.  Although Petitioner references only the burglary with assault and the attempted carjacking on the first page of his Petition, it is quite apparent upon review of the grounds raised in the Petition that he is actually challenging the conviction for burglary of a dwelling as well.

[2] Petitioner's unnumbered ground of the Petition (labeled Issues II, V, VI, VII, VIII, IX, and X) was stricken on March 10, 2011.  Order (Doc. #13).

925, 936 (11th Cir. 1992), <u>Dupree v. Warden</u>, No. 11-12888, 2013 WL 1875301, at *3 (11th Cir. May 7, 2013); however, no evidentiary proceedings are required in this Court.

Respondents filed a Response to Petition for Habeas Corpus (Response) (Doc. #14)[3] on March 15, 2011, and an Appendix (Doc. #15) on March 23, 2011.[4] Petitioner filed a Reply to Response to Petition for Habeas Corpus (Reply) (Doc. #29). <u>See</u> Order (Doc. #6).

### STANDARD OF REVIEW

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA). "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions." <u>Harrington v. Richter</u>, 131 S.Ct. 770, 784 (2011). The exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established

_____

[3] Respondents calculate that the Petition is timely, Response at 5-6, and the Court accepts this calculation.

[4] The Court hereinafter refers to the Exhibits contained in the Appendix as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix. Otherwise, the page number on the particular document will be referenced. The documents associated with state Case No. 6227 are cited with the prefix **6227**, the documents associated with state Case No. 7047 are cited with the prefix **7047**, and the documents that pertain to both cases are cited with the prefix **Joint.**

federal law; or (3) the decision was based on an unreasonable determination of the facts.  Id. at 785.

There is a presumption of correctness of state courts' factual findings unless rebutted with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  This presumption applies to the factual determinations of both trial and appellate courts.  See Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims he received the ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.  In order to prevail on this Sixth Amendment claim, he must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).

## EXHAUSTION AND PROCEDURAL DEFAULT

There are prerequisites to a federal habeas review.  The Court must be mindful of the doctrine of procedural default:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural

default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman, supra, at 747–748, 111 S.Ct. 2546; Sykes, supra, at 84–85, 97 S.Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. ––––, ––––, 131 S.Ct. 1120, 1127–1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S. ––––, ––––, 130 S.Ct. 612, 617–618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. See Coleman, 501 U.S., at 750, 111 S.Ct. 2546.

Martinez v. Ryan, 132 S.Ct. 1309, 1316 (2012).

In addition, in addressing the question of exhaustion, the Court must ask whether the claim was raised in the state court proceedings and whether the state court was alerted to the federal nature of the claim:

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (citation omitted)). To provide the State with the necessary "opportunity," **the prisoner**

> **must "fairly present" his claim in each appropriate state court** (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. Duncan, supra, at 365-366, 115 S.Ct. 887; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added). In Baldwin, the Supreme Court recognized a variety of ways a federal constitutional issue could be fairly presented to the state court: by citing the federal source of law, by citing a case deciding the claim on federal grounds, or by labeling the claim "federal." Id. at 32.

Again, procedural defaults may be excused under certain circumstances: "[n]otwithstanding that a claim has been procedurally defaulted, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of justice." Id. at 890 (citations omitted). In order for Petitioner to establish cause,

> the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct." McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting Carrier, 477 U.S. at 488, 106 S.Ct. 2639). Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." Id. at 1261 (quoting Carrier, 477 U.S. at 494, 106 S.Ct. 2639).

- 5 -

Wright v. Hopper, 169 F.3d 695, 706 (11th Cir.), cert. denied, 528 U.S. 934 (1999).  However, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  Martinez v. Ryan, 132 S.Ct. at 1315.

"[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice." Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citation omitted), cert. denied, 538 U.S. 947 (2003).  The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

## PROCEDURAL HISTORY

### Case No. 6227

Upon review of the record, the following transpired.  In Case No. 6227, Petitioner was charged by amended information with burglary of a dwelling and grand theft auto.  6227/Ex. A at 26-27. He was represented by Assistant Public Defender Daniel Cohen. 6227/Ex. C.  The state filed Notice of Intent to Classify Defendant as a Habitual Felony Offender.  6227/Ex. A at 22.  After a jury trial, Petitioner obtained a judgment of acquittal on the grand

theft auto count, id. at 52, but was convicted of the burglary to a dwelling count.  Id. at 51, 71.  He was sentenced to fifteen years in prison as a habitual felony offender.  Id. at 74-80.  He appealed his conviction.  Id. at 89-90.  On direct appeal, he raised one ground:  the trial court reversibly erred when it instructed the jury on the one step removed lesser included offense of burglary but inadvertently omitted this offense from the verdict form.  6227/Ex. D.  The state responded, 6227/Ex. E, and the First District Court of Appeal affirmed per curiam on February 8, 1999. 6227/Ex. F at 1.  The mandate issued on February 24, 1999.  Id. at 2.

### Case No. 7047

Upon further review of the record, the following transpired in the second case.  Petitioner was charged by information with attempted carjacking (armed), attempted second degree murder, and burglary with assault.  7047/Ex. A at 9-10.  He was represented by Mr. Cohen.  7047/Ex. B.  Again the state filed a Notice of Intent to Classify Defendant as a Habitual Felony Offender.  7047/Ex. A at 12.  After a jury trial, Petitioner obtained a judgment of acquittal on the attempted second degree murder count, id. at 54, but was convicted of attempted carjacking and burglary to a conveyance with an assault.  Id. at 52-53, 70-71.  He was sentenced as a habitual felony offender to concurrent terms of twenty years. Id. at 73-81.  However, these concurrent sentences were imposed consecutively to the fifteen-year sentence imposed in Case No.

6227.  Id. at 76.  A direct appeal was taken.  Id. at 89.  One ground was raised on appeal: the trial court reversibly erred when Petitioner was convicted and sentenced for the offenses of burglary to a conveyance with assault and attempted carjacking in violation of the double jeopardy principles where the attempted carjacking became a permissible lesser included offense subsumed by the burglary charge.  7047/Ex. D.  The state answered.  7047/Ex. E. The First District Court of Appeal, in a written opinion entered on December 31, 1998, affirmed.  7047/Ex. F.  The mandate issued on February 26, 1999.  7047/Ex. G.

### Joint Post-conviction Proceedings

Petitioner filed three joint Rule 3.800 motions to correct illegal sentences in the trial court, all three motions were denied, and the First District Court of Appeal affirmed the trial court's decisions.  Joint/Ex. PD-1; Joint/Ex. H; Joint/Ex. I; Joint/Ex. J; Joint/Ex. K; Joint/Ex. L; Joint/Ex. PD-2; Joint/Ex. M; Joint/Ex. N; Joint/Ex. O; Joint/Ex. PD-3; Joint/Ex. P; Joint/Ex. Q; Joint/Ex. R.  See Response at 3-4.

On December 29, 2003, pursuant to the mailbox rule, Petitioner filed a Motion for Post Conviction Relief, Request for Belated 3.850 Motion.  Joint/Ex. T at 259-72.  The request to file a belated Rule 3.850 motion was granted.  Id. at 273-74.  The Rule 3.850 motion was filed on March 19, 2004, pursuant to the mailbox rule.  Id. at 275-323.  Petitioner moved for the appointment of counsel, Joint/Ex. U at 431-35, which was denied.  Id. at 436.  The

- 8 -

state filed its response to the Rule 3.850 motion.  Id. at 442-45.
Petitioner's motion for discovery was granted.  Id. at 469.
Petitioner filed a memorandum of law in support of his Rule 3.850
motion on July 27, 2006.  Id. at 470-506.

An evidentiary hearing was conducted on July 6, 2006, July 27,
2006, August 17, 2006, and September 7, 2006.  Joint/Ex. V at 587-
678; Joint/Ex. W at 679-843.  On July 17, 2008, an Amended Order
Denying Motion for Post Conviction Relief was filed.  Joint/Ex. W
at 844-54.  Petitioner appealed the trial court's decision.  Id. at
876.  An Amended Initial Brief of Appellant was submitted to the
First District Court of Appeal raising ten grounds: (1) the trial
court erred in denying the ineffective assistance of trial counsel
claim concerning counsel's failure to object to the defective
verdict form which did not include burglary, a lesser-included
offense to burglary of a dwelling; (2) the trial court erred in
denying the ineffective assistance of trial counsel claim
concerning counsel's conflict of interest; (3) the trial court
erred in denying the ineffective assistance of trial counsel claim
for failure to investigate, interview, and call witnesses to
support the misidentification and alibi defenses; (4) the trial
court erred in denying the ineffective assistance of trial counsel
claim concerning counsel's misadvice with regard to the
consequences of Petitioner testifying at trial; (5) the trial court
erred in denying the ineffective assistance of trial counsel claim
concerning counsel's failure to impeach the state's eyewitness; (6)

- 9 -

the trial court erred in denying Petitioner's motion for appointment of post-conviction counsel; (7) the trial court erred in denying the Rule 3.850 motion; (8) the trial court erred by failing to provide Petitioner with the opportunity to take the stand at the evidentiary hearing; (9) the trial court erred by denying a motion for rehearing and by failing to attach files and records to its decision; and (10) the trial court erred by failing to promptly rule on the Rule 3.850 motion.  Joint/Ex. Z.  The state filed a notice that it would not file an answer brief.  Joint/Ex. AA.  The First District Court of Appeal affirmed per curiam on April 27, 2010.  Joint/Ex. BB.  Petitioner moved for rehearing, Joint/Ex. CC, and rehearing was denied on June 11, 2010.  Joint/Ex. DD.  The mandate issued on June 29, 2010.  Joint/Ex. EE.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Ground One (Case No. 6227)

The first ground of the Petition is: "[p]er se reversible error occurred when trial court instructed the jury on the one step removed lesser included offense of burglary, but inadvertently omitted offense from verdict form."  Petition at 4.[5]  This is the same claim Petitioner raised on direct appeal of his conviction for burglary to a dwelling.  6227/Ex. D.  Respondents argue that this ground was raised in terms of state law only.  Response at 6.  Upon review, a federal claim was never presented to the state courts.

---

[5] With regard to the Petition, the Court references the page numbers assigned through the electronic filing system.

6227/Ex. D.   It was presented on direct appeal as a claim of trial court error based on an improper trial court ruling, without an underlying due process claim.   Thus, it was presented as an issue of state law; therefore, the claim is not cognizable in this federal habeas proceeding.

The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States.   See Coleman v. Thompson, 501 U.S. 722 (1991).   This Court will not reexamine state-court determinations on issues of state law.   See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).   Since this ground presents a state law claim complaining about a ruling by the trial court, Petitioner is not entitled to federal habeas corpus relief as there has been no breach of a federal constitutional mandate.

To the extent Petitioner is now trying to raise a due process claim pursuant to the Fourteenth Amendment of the United States Constitution, see Reply at 2-6, such a claim was not exhausted in the state court system.   Therefore, this ground is procedurally barred from federal habeas review.   See Response at 7-8.   Petitioner has not shown cause and prejudice or that a fundamental miscarriage of justice will result if the court does not reach the claim on its merits.   Petitioner is not entitled to habeas relief on ground one of the Petition.

### Ground Two (Case No. 7047)

Ground two of the Petition is:  "[r]eversible error occurred when Mr. Duhart was convicted and sentenced for the offense of burglary to a conveyance with assault and attempted carjacking in violation of double jeopardy principles where the attempted carjacking became permissive lesser included offense subsumed by the burglary charge." Petition at 6.  In this ground, Petitioner raises a double jeopardy claim, asserting that double jeopardy principles were violated when Petitioner was convicted and sentenced for the offense of burglary to a conveyance with assault and for the offense of attempted carjacking. Id.  Respondents adopt the same argument that was presented in response to this ground on direct appeal, 7047/Ex. E, and the First District Court of Appeal's written opinion.  7047/Ex. F.  See Response at 8-9.

Applying Blockburger v. United States, 284 U.S. 299 (1932), which has been codified in section 775.021(4), Fla. Stat., the First District Court of Appeal rejected Petitioner's double jeopardy claim, finding:

> In this case, appellant admits that the two statutory offenses are separate under Blockburger because each offense contains an element not contained in the other. See State v. Johnson, 676 So.2d 408, 411 (Fla. 1996). Accordingly, the lesser offense of attempted carjacking is not subsumed by the greater offense of burglary of a conveyance with assault, and section 775.021(4)(b)3.[6] [sic]

---

[6] Section 775.021(4)(b)3 provides an exception to the rule of construction to convict and sentence for each criminal offense

- 12 -

> does not preclude punishment for both
> offenses.

7047/Ex. F at 4.

Petitioner was charged and convicted of two offenses: burglary to a conveyance with assault and attempted carjacking.  The conduct in question does not constitute the "same offense" because each contains an element the other does not.  Burglary to a conveyance with assault has the following elements: (1) defendant entered or remained in a conveyance owned by or in the possession of the victim; (2) defendant did not have the permission or consent of the victim or anyone authorized to act for the victim to remain or enter in the conveyance at the time; (3) at the time of entering or remaining in the conveyance, defendant had a fully formed conscious intent to commit the offense of carjacking or auto theft in that conveyance; and (4) in the course of committing the burglary, the defendant made an assault upon any person.  See § 810.02(2)(a), Fla. Stat.  The crime of attempted carjacking requires the following elements: (1) defendant attempted to take the motor vehicle from the person or custody of the victim; (2) force, violence, assault or putting in fear was used in the attempt to

---

committed in the course of one criminal episode or transaction and not to allow the principle of lenity to determine legislative intent, to wit:  offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense (construed as necessarily included lesser offenses, not permissible lesser included offenses).  "[B]y definition necessarily lesser included offenses do not have any elements which are not also contained in the greater offense."  State v. Johnson, 601 So.2d 219, 221 (Fla. 1992).

- 13 -

take the vehicle; and (3) the attempt to take was with the intent
to temporarily or permanently deprive the victim of her right to
the motor vehicle or any benefit from it.  See § 812.133(1)&(2)(a),
Fla. Stat.; 7047/Ex. A at 9.

The state court's adjudication of this claim was not contrary
to or an unreasonable application of clearly established federal
law, and was not an unreasonable determination of the facts in
light of the evidence.  See United States v. Dixon, 509 U.S. 688
(1993) (using the Blockburger test for a double jeopardy claim).
Accordingly, Petitioner is not entitled to relief on the basis of
ground two of the Petition.

### Ground Three (Case No. 6227 & Case No. 7047)

Ground three is a "[m]otion for correction of illegal
sentence."  Petition at 7.  With respect to the sentences for both
criminal cases, Petitioner claims there is a violation of the
Florida "single subject rule."  Art. III, § 6, Fla. Const.
Although exhausted, see Response at 9, this ground is not
cognizable in a federal habeas corpus proceeding as it involves a
state court interpretation and application of Florida law.
Petitioner has presented a state law claim in this ground, not a
claim of constitutional dimension.  As a result, ground three
should be dismissed as it cannot provide a basis for habeas corpus
relief.

**Ground Four (Case No. 6227 & Case No. 7047)**

Ground four is a "motion to correct an illegal sentence." Petition at 8. Petitioner claims the trial court's failure to provide contemporaneous written reasons supporting the downward departure from the guidelines violated Petitioner's due process rights under the Fourteenth Amendment. Id. at 8-9. As noted by Respondents, this is a state law claim, not a claim of constitutional dimension. See Response at 10. Even though Petitioner has couched his claim in terms of denial of due process of law, the claim is not of constitutional magnitude. "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)). The federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate. McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir. 1992) (per curiam), cert. denied, 504 U.S. 944 (1992).

Petitioner has not shown a breach of a federal constitutional mandate. He was sentenced under recidivist statutes, not under the sentencing guidelines; therefore, there was no requirement for contemporaneous reasons for departing from the sentencing guidelines. Of course, this issue is one of state law, and this Court will not act as a super appellate court reviewing state court

- 15 -

sentencing proceedings.  Estelle v. McGuire, 502 U.S. at 67.  Thus, ground four presents an issue of state law that is not cognizable in this proceeding.  This claim cannot provide a basis for habeas corpus relief.

### Ground Five (Case No. 6227 & Case No. 7047)

**Issue I (Case No. 6227):**  "Defense counsel failed to object to the defective verdict form presented by the state in which simple burglary of a dwelling was inadvertently left off the verdict form."  Petition at 10.  In this ground, Petitioner raises a Sixth Amendment claim asserting he received ineffective assistance of trial counsel for failure to object to the defective verdict form. In evaluating the performance prong of the Strickland ineffectiveness inquiry, the Court recognizes that there is a strong presumption in favor of competence.  The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  Strickland, 466 U.S. at 690.  "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'"  Rompilla v. Beard, 545 U.S. 374, 381 (2005) (citations omitted).

After conducting an evidentiary hearing, the trial court concluded that defense counsel was not ineffective.  Respondents urge this Court to find that the denial of post conviction relief on this ground was a reasonable interpretation of the facts, and

- 16 -

the trial court did not misapply or reach a result contrary to Strickland. Petitioner, in his Reply, explains that the trial court instructed the jury on simple burglary, and further instructed that if the burglary occurred in a dwelling, that finding would be an aggravating circumstance. Reply at 14. The trial court instructed that these decisions should be reflected on the verdict form. Id. The verdict form provided to the jury, however, only allowed for a conviction of burglary to a dwelling, attempted burglary, or trespass. Id. at 15. Thus, the jury was not given the option to return a verdict for burglary, although jury was instructed as to that option.

The record shows the following. At the charge conference, the court referred to the attempted burglary and trespass as the "lessors." 6227/Ex. B at 152-53. During the discussion concerning the verdict form, Mr. Cohen asked if there were lessors on the burglary, and the court responded: attempted burglary and trespass. Id. at 157. The state replied: "I have burglary to a dwelling, attempted burglary and trespass." Id. Mr. Cohen affirmatively agreed to the verdict form. Id. at 157; 6227/Ex. C at 163. Before giving the charge, the court advised the jury that a written copy of the law would be provided for reference, as needed. Ex. C at 165.

The jury was instructed Petitioner was accused of the crime of burglary to a dwelling. Id. at 193. The elements of burglary were provided, referencing a structure. Id. The term structure was

- 17 -

defined.  Id. at 195.  The court instructed that the punishment for the crime of burglary is greater if certain aggravating factors were committed during the course of the offense.  Id.  The court defined the term dwelling and instructed:

> Therefore, if you find the defendant guilty of a burglary **it will be necessary for you to state in your verdict whether the defendant entered a structure which was a dwelling.**  In considering the evidence, you should consider the possibility that although the evidence may not convince you that the defendant committed the main crime for which he is accused, there may be evidence that he committed other acts that would constitute a lesser included crime.

Id. at 195-96 (emphasis added).  In addition, the court instructed the jury on the elements for the lesser crimes of attempted burglary and trespass.  Id. at 196-97.

The court briefly reviewed the verdict form with the jury, pointing out the first choice of burglary to a dwelling, followed by the choices of attempted burglary to a dwelling, trespass, and finally, not guilty.  Id. at 203.  The court reminded the jury to "follow the law spelled out in these instructions in deciding new [sic] your verdict."  Id. at 204.  The jury instructions as well as the verdict form and exhibits were sent to the jury room.  Id.

The jury had two questions,[7] with the second question asking about its failure to reach a common ground.  Id. at 206.  The court

---

[7] The first question was with regard to the victim's BOLO ("be on the lookout") and the officer's BOLO.  6227/Ex. C at 205.

gave the jury a "jury deadlock charge." Id. Later that evening, the jury returned a verdict of guilty to burglary to a dwelling as charged in the information. Id. at 208; 6227/Ex. A at 51. Upon review, the verdict form does not have a space below burglary to a dwelling for a conviction on simple burglary, nor does it have the opportunity to select a conviction on burglary with a separate finding on whether the structure was a dwelling. 6227/Ex. A at 51.

Mr. Cohen testified at the evidentiary hearing that the jury was out for about six hours, it was deadlocked, the court gave an Allen[8] charge, and then the jury returned a verdict of guilty as charged. Joint/Ex. V at 605. Mr. Cohen attested that, prior to the evidentiary hearing, he had an opportunity to review the verdict from, and he agreed that it did not have a burglary to a structure as a lesser included option for the jury to select. Id. at 609. When asked, he stated the theory of the defense at trial was misidentification - that Petitioner did not commit the burglary, and there was no reason to object to the omission on the verdict form since the theory of the defense was misidentification, not that the building was a structure rather than a dwelling. Id.

In response to Petitioner's question as to whether his failure to object to the omission amounted to ineffective assistance of counsel, Mr. Cohen testified that the defense was that Petitioner was not the offender; therefore, Mr. Cohen elected to have the jury

---

[8] Allen v. United States, 164 U.S. 492 (1896).

choose between trespass (a misdemeanor) or burglary to a dwelling. Id. at 628. Mr. Cohen said, "[s]o it was either you or it wasn't you[.]" Id. When Petitioner asked if counsel "took away the pardoning power from the jury[,]" Mr. Cohen responded that the jury's pardoning power was to find Petitioner not guilty. Id. at 630. Counsel confirmed that he did not object to the verdict form at trial. Id. at 632.

During closing argument for the evidentiary hearing, the court posed several questions to Petitioner about the misidentification theory of the defense and counsel's decision not to object to the verdict form. The court noted that if Petitioner had been found guilty of burglary to a structure as a habitual offender, he would have faced a ten-year prison sentence. Joint/Ex. W at 801. The court asked Petitioner if he thought it would weaken the misidentification defense to claim the building was not a dwelling, while simultaneously claiming Petitioner was not at the scene of the crime. Id. at 803. Petitioner agreed that it may weaken the misidentification argument. Id. The court explained that a tactical decision may be made to convince the jury that the defendant was not at the scene of the crime rather than focusing on the nature of the building. Id. at 803-804. Petitioner responded if that were the case, if the tactic was an all or nothing defense, the lesser offenses of attempted burglary and trespass should have been left off of the verdict form as well. Id. at 804. The court agreed. Id. Petitioner stated he did not agree with defense

counsel's decision to employ the tactic to omit the simple burglary offense, and he believed that if counsel decided he was going to omit one lesser offense, he should have decided to omit them all. Id. Again, the court agreed with Petitioner's rationale. Id. In response, the state argued there was no prejudice to Petitioner because the nature of the victim's residence was not a disputed issue at trial. Id. at 817-818.

The trial court, in denying Petitioner's ineffective assistance of counsel claim, said:

> In Grounds III and IV, the defendant complains of ineffective assistance of counsel for failure to object to a verdict form that did not contain a lesser included offense of Burglary to a Structure, and for not raising that omission in the Motion for New Trial. Mr. Cohen testified that the agreed upon defense that he and Mr. Duhart presented to the jury was mistaken identification. Because of that, and because there were a considerable number if [sic] discrepancies regarding the descriptions of the suspect brought out during the trial, Mr. Cohen believes that there was no reason to request a lesser included offense of Burglary to a Structure. The entire defense was that the defendant was not there and did not commit the crime. Mr. Cohen testified that the strong misidentification defense would be weakened by arguing to the jury that the structure was not a dwelling. (T of Evid. Hrg. p. 23, In. 12-24; T of Evid. Hrg. p. 42, In. 10 - p. 50, In. 9.) This is a valid competent tactical decision. Grounds III and IV are conclusively refuted by the record herein, including testimony at the evidentiary hearing.

Joint/Ex. W at 847.

- 21 -

In Florida, generally "[a] verdict form . . . that is not in conformance with the jury instructions is defective." Prater v. State, 608 So.2d 559 (Fla. 2nd DCA 1992) (citing Wilson v. State, 566 So.2d 36 (Fla. 4th DCA 1990)).  Here, the trial court's written and oral instructions to the jury included the charged offense of burglary to a dwelling as well as the lesser included offense of simple burglary.  The absence of a lesser offense from a verdict form precludes the jury from "exercising its inherent pardon power[,]" and is regularly considered to be reversible error.  Id. (citing State v. Abreau, 363 So.2d 1063, 1064 (Fla. 4th DCA 1978)). Here, however, the attorney expressly approved the verdict form, and the jury made the finding that Petitioner was guilty of burglary to a dwelling; therefore, the state met its burden of ensuring the jury made the finding that it was a dwelling.  See Mashburn v. State, 745 So.2d 453, 454 (Fla. 5th DCA 1999) (finding it to be the state's burden to ensure a special finding is made).

The question before this Court, however, is whether Petitioner was provided with ineffective assistance of trial counsel when "counsel failed to object when the verdict form provided to the jury failed to include that lesser included offense." Bethea v. State, 767 So.2d 630, 630-31 (Fla. 5th DCA 2000) (finding the oversight prejudiced the defendant; expressing concern that the jury may have used its pardon power on the burglary charge; and reversing for an evidentiary hearing, noting that "counsel may be

able to justify the decision to allow the incomplete jury verdict as a strategic decision").

An evidentiary hearing was conducted in the state court, and the court found it was a valid tactical decision on the part of counsel not to weaken the misidentification defense by objecting to the verdict form and requesting a determination by the jury on the question of whether the building was a structure.  The Court will not give deference to this finding because the Court finds that the state court's conclusion that this was a sound trial strategy and counsel was not deficient in his performance is an unreasonable application of the Strickland standard.  An explanation follows. First and foremost, the jury was instructed that it was going to have to make a finding on whether the building was a dwelling or a structure.  The terms were defined for the jury.  The jury was reminded that it must apply the law, as provided to it, when rendering its verdict.  The written instructions were provided to the jury for its use during the course of its deliberation.  Also, as noted by Petitioner, it was not an "all or nothing" verdict form; therefore, counsel's statement that he was trying to maintain the strength of the misidentification theory of the defense by not requesting a lesser offense in the verdict form carries no weight since both attempted burglary and trespass were included in the verdict form.  The omission of the lesser-included offense that was only one step removed from the offense charged, upon which the jury had already been instructed, amounted to deficient performance.

- 23 -

The more difficult question is whether Petitioner has satisfied the prejudice prong of Strickland.  The Court finds that he has not.  Petitioner's claim rests on the speculation that had the lesser-included offense on the verdict form been burglary of a structure rather than the lesser offenses of attempted burglary and trespass, the jury would have found him guilty of burglary of a structure.  The record, however, does not establish "a reasonable probability that the outcome of the proceeding would have been different," had counsel raised an objection to the verdict form. See Argo v. Secretary, No. 8:05-cv-1964-T-33EAJ, 2010 WL 3222064, at *17 (M.D. Fla. Aug. 16, 2010) (not reported in F.Supp.2d) (finding no reasonable probability that the outcome of the case would have been different had counsel objected to the jury instruction and verdict form), aff'd by 465 F. App'x 871 (11th Cir. 2012) (per curiam).

Petitioner argues that the jury could have exercised its pardon power and found him guilty of burglary to a structure.  Of import, "the mere possibility of a jury pardon cannot form the basis for a finding of prejudice under Strickland." Dayes v. McNeil, No. 08-22711-Civ, 2009 WL 6415371, at *9 (S.D. Fla. Aug. 26, 2009), report and recommendation adopted by 2010 WL 1796812 (S.D. Fla. May 3, 2010).  See Bell v. McNeil, 353 F. App'x 281, 286 (11th Cir. 2009) (per curiam) (finding petitioner failed to show that the jury probably would have convicted him of a lesser offense, and the state court reasonably concluded that petitioner

- 24 -

failed to show a reasonable probability of a different outcome). Indeed, there was undisputed testimony at trial that the burglary was of a dwelling. Specifically, David Dunn attested that the burglary was of his home ("2200 square foot, four bedrooms, large dining room, large living room, wood-frame home"), where he had resided for fifteen years. 6227/Ex. B at 20.

The record does not establish that the outcome of the proceeding would have been different had counsel raised an objection to the verdict form. Petitioner has failed to satisfy the second prong of the two-part <u>Strickland</u> test; therefore, since he has failed to satisfy the prejudice component, he is not entitled to habeas relief on this ground.

**Issue III-Argument A (Case No. 6227):** "Defense counsel's failure to investigate and interview and call material witness who could have cast doubt upon state's case that would have substantiated Petitioner's misidentification defense and corroborated [the alibi.]" Petition at 12-13. Petitioner raises a Sixth Amendment claim of ineffective assistance of trial counsel for counsel's failure to investigate and call witness Gary Hubbard. After conducting an evidentiary hearing, the trial court denied this claim raised in a Rule 3.850 motion. The court said:

> In Ground V, the defendant complains of ineffective assistance of counsel for failure to call a witness named Gary Hubbard as an alibi witness. Mr. Cohen testified at the evidentiary hearing that he does not remember the defendant ever raising an issue of an alibi defense with him or mentioning a witness

- 25 -

named Gary Hubbard.  He further testified that a review of his file does not reveal that the defendant ever brought up the name Gary Hubbard, and that the investigator's notes did not mention the name Gary Hubbard either.  (T of Evid. Hrg. p. 23, ln. 25 - p. 24, ln. 6; T of Evid Hrg. p. 50, ln. 14 - p. 51, ln. 22.)  Ground V is conclusively refuted by the record herein.

Joint/Ex. W at 847.

The trial court concluded that defense counsel was not ineffective for the reasons stated in its order.  This decision was affirmed by the First District Court of Appeal.  Joint/Ex. BB.  The mandate issued on June 29, 2010.  Joint/Ex. EE.

Petitioner has not shown that a reasonable probability exists that the outcome of the proceeding would have been different if his lawyer had given the assistance that Petitioner has alleged should have been provided.  Accordingly, Petitioner's ineffectiveness claim is without merit since he has neither shown deficient performance nor resulting prejudice.  See Response at 14.

Petitioner is not entitled to relief on Issue III-Argument A of Ground Five of the Petition, the claim of ineffective assistance of trial counsel for failure to investigate and call witness Gary Hubbard. Deference under AEDPA should be given to the state court's decision.  Petitioner raised the issue in his Rule 3.850 motion, the trial court denied the motion, and the appellate court affirmed.  The state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts.

- 26 -

**Issue III-Argument B (Case No. 7047):** "[i]n this issue Defendant Counsel's failure to interview and call material witnesses to testify at trial in support of voluntary intoxication defense" violated Petitioner's Sixth Amendment right to effective assistance of trial counsel.  The trial court rejected this claim and held:

> In case No. 97-7047 CF, Ground I of the motion complains of ineffective assistance of counsel for failure to investigate and present evidence of a defense of voluntary intoxication. Mr. Cohen testified that in ten years of working as an Assistant Public Defender, he never saw a voluntary intoxication defense that resulted in an acquittal in Jacksonville, Florida. He testified that local juries are not sympathetic of trying to blame a crime on crack cocaine or whatever. (T of Evid. Hrg. p. 24, In. 21 - p. 25, In. 1.) He also testified that there was no evidence in any of the discovery provided by the State that would indicate that Mr. Duhart was intoxicated at the time of these two offenses. (T of Evid. Hrg. p. 25, In. 2-7.)

> The record also indicates that the defendant denied using drugs in a statement given to Detective Crews after he was arrested.  Officer Groves also testified that the defendant asked him to apologize to the victim subsequent to his arrest.  This is contained in the arrest and booking report. Mr. Cohen testified that he did know that Mr. Duhart had a drug abuse problem, and raised that as mitigation at the sentencing hearing, but that Mr. Duhart had never given him information that would indicate that he had ingested mass quantities of drugs and alcohol on the evenings in question which would result in a diminished capacity for formulation of specific intent. (T of Evid. Hrg. p. 27, In. 7-13.) Mr. Cohen testified that he would have lost his second closing argument if he had

- 27 -

presented any evidence of diminished capacity. (T of Evid. Hrg. p. 27, ln. 19 - p. 28, ln. 18.)

On cross-examination by the defendant, Mr. Cohen again acknowledged that he was aware that the defendant had a drug problem, but testified that nothing told to him by the defendant nor arising from any of the police reports or witness statements indicated that the defendant was impaired at the time of these incidents to the extent that he could not formulate specific intent. (T of Evid. Hrg. p. 56, ln. 19 - p 57, ln. 12; also, p. 58, ln. 3-24.) Ground I of Case No. 97-7047 CF is conclusively refuted by the record herein, including police reports, witness statements, and testimony at the evidentiary hearing.

Joint/Ex. W at 853-54.  This decision was affirmed on appeal.

Upon review, there was no unreasonable application of clearly established law in the state court's decision to reject the Strickland ineffectiveness claim.  Indeed, the decision rejecting the claim of ineffective assistance of trial counsel is entitled to deference under AEDPA.  See Response at 14.  The adjudication of the state court resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court.  Therefore, Petitioner is not entitled to relief on Issue III-Argument B of Ground Five of the Petition, the claim of ineffective assistance of trial counsel, because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based

on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**Issue III-Argument C (Case No. 7047):** "[i]n this issue trial counsel's failure to call expert witness, deprived the Petitioner [of] his right to a fair trial, and effective assistance of counsel." Petition at 16. Petitioner mentions the failure of counsel to move for the appointment of a defense expert in toxicology; the failure of counsel to call Loretta A. Booker, an expert in the field of substance abuse treatment; and the failure of counsel to call lay witnesses concerning the amount of liquor and cocaine Petitioner consumed prior to the offense. Id. at 16-17.

Respondents urge this Court to find this claim unexhausted and procedurally defaulted, citing the Rule 3.850 motion and the Memorandum of Law filed in support of that motion. See Response at 14-15. However, upon review of the Memorandum of Law, Joint/Ex. U at 470-506, filed in support of the Rule 3.850 motion, Petitioner argued that Mr. Cohen rendered ineffective assistance by failing to file a motion for the appointment of an expert toxicologist and by failing to call Loretta A. Booker, an expert in the field of substance abuse and treatment. Id. at 491-93. This claim was thoroughly addressed at the evidentiary hearing. Joint/Ex. V at 610-14, 642-47, 649-54; Joint/Ex. W at 738-40. Indeed, Loretta N. Booker testified at the evidentiary hearing as an expert witness in the area of drug abuse and treatment. Joint/Ex. W at 770, 773-80.

- 29 -

Thus, the claim is exhausted, and it is not procedurally barred from this Court's review.

The trial court denied Petitioner's claim that his counsel was ineffective for failure to investigate and present evidence of a defense of voluntary intoxication. <u>Id</u>. at 853-54. The trial court based its decision on the record, including police reports, witness statements, and the testimony at the evidentiary hearing. <u>Id</u>. at 854. Additionally, the court stated that "[w]here grounds are duplicated[,] the findings and rulings related to one motion will constitute the findings and rulings as to the other." <u>Id</u>. In sum, the trial court denied post conviction relief, and the appellate court affirmed.

The decision of the state court is entitled to deference under AEDPA. It involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on Issue III-Argument C of Ground Five of the Petition, the claim of ineffective assistance of trial counsel, because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**Issue IV-Argument A (Case No. 6227) and Argument B (Case No. 7047):** "trial counsel misadvised Petitioner regarding the consequence[s] of testifying in his own behalf at trial."

- 30 -

Respondents rely on the decision of the trial court in denying this claim, referencing the Amended Order Denying Motion for Post Conviction Relief.  Response at 15-16.

The trial court rendered the following decision after a thorough evidentiary hearing:

> In Ground I, the defendant alleges ineffective assistance of counsel for misadvising him that if he took the stand and testified in either of his trials the jury would learn all of the details of the various offenses of which he had been convicted. Daniel Cohen, Esquire, testified that he has been a member of the Florida Bar since 1989. He currently practices in Washington, DC, and is a member of the Maryland Bar and the Bar of the Middle District of Florida.  He was an Assistant Public Defender in Jacksonville for ten years, during which he tried seventy-five criminal jury trials.  He spent five years in the habitual offender division of this Court, and three years in the sex crimes division.  Mr. Cohen is an officer of this Court, with an excellent reputation in the courts of North Florida.  He has no interest in the outcome of this case, and he enjoys the privilege of practicing law subject to the requirement that he be truthful before all tribunals.  In short, he has no motivation for being untruthful and a very strong motivation for being truthful.
>
> Mr. Cohen testified that the defendant did not take the stand in either of his trials.  He testified that he always tells all of his clients that if they take the stand, they will be questioned about the number of prior felony convictions and convictions of crimes of dishonesty that they have.  (T of Evid. Hrg. p. 20, In. 1 - p. 21, In. 12.)  Mr. Cohen testified that the [sic] did not tell the defendant that the jury would be told the specific nature of his prior convictions.  He testified that he did not tell the defendant that if he took the stand he would lose.  He

- 31 -

testified that he told the defendant the jury
would learn the number of his prior
convictions, and that he would lose closing
argument (rebuttal argument).  He further
testified that he told the defendant that the
final decision was his to make, but that he
did advise him that he thought it was not in
his best interest to testify, under all the
circumstances of the trial.  He also testified
that Judge Wilkes, the presiding judge in the
trial, conducted a dialogue with the
defendant, *in camera*, and advised him of the
same thing.  He also denied that he ever told
Mr. Duhart he was a criminal.  He reiterated
several times that he told the defendant the
final decision about testifying was his to
make.  He also testified (and the record
verifies), that on one of the two trials, he
had overnight to think about this issue
because the Court recessed for the evening
after the State rested.  (T of Evid. Hrg. p.
32, ln. 12 - p.36, ln. 17.)

Additionally, the transcripts of both
trials reveal that Judge Wilkes did, in fact,
conduct an *in camera* dialogue with the
defendant during each trial, during which he
advised the defendant that he had the right to
take the stand, that if he took the stand the
jury would learn the <u>number</u> of his prior
felony convictions or crimes of dishonesty,
and that he also had the right to choose to
remain silent and not testify during both
trials.  Judge Wilkes also went over the
number of convictions with the defendant and
the State, so that everyone was aware of the
same number.  The judge also advised the
defendant that it was his decision, not Mr.
Cohen's.  The defendant acknowledged his
rights and indicated in both cases that he
chose not to take the stand.  (TT Case No. 97-
6227, pp. 153-156; TT Case No. 97-7047, pp.
172-178.)  Ground I is conclusively refuted by
the record herein, including the testimony at
the evidentiary hearing.

Joint/Ex. W at 844-46.  The trial court also denied this claim with

respect to Case No. 7047.  <u>Id</u>. at 854 ("Ground II of Case No. 97-

- 32 -

7047 CF is the same as Ground I of Case No. 97-6227 CF."). Again, the trial court stated that where grounds are duplicated, the findings and rulings related to one motion will constitute the findings and rulings as to the other. Id. The trial court's denial of Petitioner's claim of ineffective assistance of counsel was affirmed by the First District Court of Appeal. Thus, there is a qualifying decision under AEDPA.

Not only was Petitioner represented by experienced defense counsel, his counsel and the trial court made every effort to ensure that Petitioner was aware of his right to testify and thoroughly advised him of his right to testify at trial. The adjudication of this claim of ineffective assistance of counsel was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Petitioner has not established the first prong of Strickland, that trial counsel's performance was deficient. Nor has he shown prejudice, as required by the second prong of Strickland. Therefore, Issue IV (Arguments A and B) of Ground Five of the Petition does not warrant habeas relief.

## CERTIFICATE OF APPEALABILITY

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted. See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.

- 33 -

This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. §2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.   See Slack, 529 U.S. at 484.   However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

- 34 -

1.   The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED,** and this action is **DISMISSED WITH PREJUDICE.**

2.   The **Clerk of the Court** shall enter judgment accordingly and close this case.

3.   If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability.**  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of July, 2013.

ROY B. DALTON, JR.
United States District Judge

sa 6/19

- 35 -

c:
Henry Lewis Duhart
Counsel of Record